(No. 4465— )

MARY HOYT BAAR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1952.*

KIX MILLER, BAAR AND MORRIS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

On November 7, 1950, at about 12:30 P.M., claimant, Mary Hoyt Baar, got off the Chicago, North Shore and Milwaukee Railway Company train at its Lake Bluff Station, Illinois. She walked to the south end of the platform at said station, descended the steps of the platform to the ground, and walked a short distance

to a three foot opening, or gate in a fence, which fence is parallel to U. S. Highway No. 41, and about 8 feet 5 inches west of the west edge of the concrete slab of said highway. She passed through this opening in the fence or gateway, then turned to the left, and proceeded in a northeasterly direction. At the time the claimant was accompanied by Margaret P. McEvan, who preceded her through the opening, or gate in the fence, and was some distance, approximately 10 feet ahead of her, and slightly to the left. After claimant had walked approximately 4 to 6 feet beyond the gate, in a northeasterly direction towards said highway, and while turning her head slightly to the left to talk to Margaret P. McEvan, she stepped into a concave shaped hole about 12 inches in diameter and two or three inches deep, fell on her right knee, and received a deep cut about three inches long, which gaped open about three-quarters of an inch on her right knee.

Immediately after the incident in question, claimant received medical attention, and remained at home in bed for about a week after the accident. Claimant was unable to do her ordinary house work, but after the expiration of about three weeks, she was able to attend to her normal duties, and, outside of soreness on touch, the wound gave her no difficulty. The testimony shows that she has a scar on her right knee about 2 inches long as a result of the wound. It also shows that she had incurred bills in a total of about Forty-five Dollars ($45.00) for medical expenses. There was no testimony that a permanent disability of any kind resulted from her injuries.

The evidence without dispute shows that the day was clear, pavements dry, that claimant was familiar

with the passageway in question, and had been across it frequently before.

It was the duty of the claimant to establish by a preponderance or greater weight of the evidence that the location of the hole, which she complained of, was on State property, and that the State was under a duty to maintain the area where the particular hole was located. The evidence is without dispute that the State maintained a highway near the location in question, and it was stipulated that the State's right-of-way extended three feet beyond the edge of the concrete slab. There is no direct evidence in the record that the hole was in the right-of-way of the State highway.

There was a plat introduced in evidence by the respondent, which indicated that the hole in question was apparently not in the right-of-way proper. It would have been an easy matter for the claimant to have had the exact location measured without guessing as to the exact distance, so as to determine whether or not the hole was on State property. Another serious question that presents itself in this record is the liability of the State for a passageway across a shoulder on the highway where the State is only under a duty to maintain it in a reasonably safe condition for motor traffic.

The Court is of the opinion, after reading the record in this case, that the preponderance of the evidence does not show that the hole complained of was in the right-of-way of the State highway, nor is it shown that the State was under any duty to maintain any portion of its shoulder for a passageway as contended in this case. It was a bright, clear day. Claimant had been over the area on other occasions, was familiar with the passageway, and by the exercise of reasonable care and caution could have seen the hole in question,

and the Court is of the opinion that there is nothing in the record to indicate any negligence on behalf of the State, or a duty on the State to maintain the area in question.

For the reasons assigned, the claim is denied.